

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BARTON RAY GAINES,<br>　　　　Petitioner,<br><br>VS.<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>　　　　Respondent. | §<br>§<br>§<br>§<br>§　CIVIL ACTION NO. 4:08-CV-147-Y<br>§<br>§<br>§<br>§ |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus brought by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Barton Ray Gaines, TDCJ #1139507, is a state prisoner currently in custody of the Texas Department of Criminal Justice, Correctional Institutions Division. He is represented by M. Michael Mowla, attorney at law.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. Factual and Procedural History

By this action, Gaines challenges his December 12, 2002, convictions for aggravated robbery, to which he pleaded guilty, in Case Nos. 0836979A and 0836985A in the 213th District Court Number of Tarrant County, Texas. *Ex parte Gaines*, State Habeas Application Nos. WR-69,338-01 & WR-69,338-02, at 245. He is serving two concurrent 35-year sentences. Gaines appealed his convictions, but the Second District Court of Appeals of Texas affirmed the trial court's judgments, and, on May 18, 2005, the Texas Court of Criminal Appeals refused Gaines's petition for discretionary review. *Gaines v. Texas*, Nos. 2-02-498-CR & 2-02-499-CR, slip op. (Tex. App.–Fort Worth Oct. 14, 2004) (not designated for publication); *Gaines v. Texas*, PDR Nos. 1787-04 & 1788-04. Gaines did not seek writ of certiorari. (Petition at 2)

On May 24, 2006, Gaines filed a prior federal habeas petition in this court challenging his convictions, which was dismissed on November 16, 2006, without prejudice on exhaustion grounds. *Gaines v. Dretke*, Civil Action No. 4:06-CV-409-Y. On November 1, 2006, Gaines filed two state habeas applications challenging his convictions, which were denied by the Texas Court of Criminal Appeals on February 27, 2005, without written order on the findings of the trial court. *Ex parte Gaines*, State Habeas Application Nos. WR-69,338-01 & WR-69,338-02, at cover. This petition was filed on March 3, 2008. As ordered, Quarterman has filed a preliminary response addressing only the issue of limitations.

D. Grounds

In three grounds, Gaines claims that (1) he received ineffective assistance of trial counsel (grounds one and two), and (2) the district attorney intimidated at lease two witnesses from speaking to the defense (ground three). (Petition at 6)

E. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgments of conviction became final by the expiration of the time for seeking direct review.[1] For purposes of this provision, Gaines's convictions became final and the one-year

---

[1] There are no allegations that the state imposed an unconstitutional impediment to the filing of Gaines's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to Gaines's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

3

limitations period began to run upon expiration of the time that Gaines had for filing a petition for writ of certiorari in the United States Supreme Court on August 16, 2005, and closed one year later on August 16, 2006, absent any tolling. *See id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13. Gaines's state habeas applications, filed on November 1, 2006, after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor did Gaines's prior federal petition operate to toll the limitations period under § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Gaines has not alleged or demonstrated rare and exceptional circumstances that would justify equitable tolling. *See United States v. Petty*, 530 F.3d 361, *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Gaines waited nearly a year before seeking post-conviction habeas relief and has not demonstrated that he was actively misled by the state or prevented in some extraordinary way from asserting his rights in state or federal court. Thus, Gaines's federal petition filed on March 3, 2008, was filed beyond the limitations period and is, therefore, untimely.

## II. RECOMMENDATION

Gaines's petition for writ of habeas corpus should be DISMISSED with prejudice as time barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been

4

served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 18, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 18, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 28, 2008.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE